Filed
Stephanie Menke
District Clerk
9/24/2021 11:44 AM
Potter County, Texas
By BN Deputy

110636-1-CV

NO. _____

| | | |
|---|---|---|
| **TESFALDET G.YEHDEGO** | § | ~~IN THE DISTRICT COURT~~ |
| | § | |
| **Plaintiff,** | § | County Court at Law 1 |
| | § | |
| **V.** | § | _____ ~~JUDICIAL DISTRICT~~ |
| | § | |
| **KLODJAN PREK GJOKAJ AND** | § | |
| **ROZAFA TRANSPORT INC.** | § | |
| **Defendants.** | § | **OF POTTER COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Yehdego, Gebreamlak Tesfaldet, hereinafter called Plaintiff, complaining of and about Klodjan Prek Gjokaj and Rozafa Transport Inc., hereinafter called Defendants, and for cause of action shows unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

**PARTIES AND SERVICE**

2.      Plaintiff, Yehdego, Gebreamlak Tesfaldet, is an Individual whose address is 5880 Inwood Dr., Houston, Texas 77057.

3.      The last three numbers of Yehdego, Gebreamlak Tesfaldet's driver's license number are 735 OHIO.

4.      Defendant Klodjan Prek Gjokaj, an Individual who is a resident of Michigan may be served with process at his home at the following address:  44629 Sterling Heights, MI 48314. Service of said Defendant as described above can be effected by personal delivery.

5.      Defendant Rozafa Transport Inc., a Corporation based in Michigan is organized under the laws of the State of Texas, and service of process on the Defendant may be effected

<div style="border:1px solid black; display:inline-block; padding:8px;">

**EXHIBIT**

**A**

</div>

pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the any officer, at 4400 22 Mile Rd, Shelby Township MI 48317.  Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

6.    The subject matter in controversy is within the jurisdictional limits of this court.

7.    Plaintiff seeks:

a.    only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

8.    This court has jurisdiction over the parties because Defendants are Texas residents.

9.    Venue in Potter County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

10.    Plaintiff was was the driver in  a vehicle towing another vehicle. Defendant Gjokaj was driving a Kenworth Truck which was also towing another vehicle and failed to control his speed and collided with the vehicle be towed by the vehicle in which Plaintiff was a passenger.

11.    This collission caused severe injuries to Plaintiff

## PLAINTIFF'S CLAIM OF

## NEGLIGENCE AGAINST KLODJAN PREK GJOKAJ

12.     Defendant Klodjan Prek Gjokaj had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

13.     Plaintiff's injuries were proximately caused by Defendant Klodjan Prek Gjokaj's negligent, careless and reckless disregard of said duty.

14.     The negligent, careless and reckless disregard of duty of Defendant Klodjan Prek Gjokaj consisted of, but is not limited to, the following acts and omissions:

> A.     In that Defendant Klodjan Prek Gjokaj failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;
>
> B.     In that Defendant Klodjan Prek Gjokaj failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant Klodjan Prek Gjokaj's motor vehicle which would permit Defendant Klodjan Prek Gjokaj to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle; and
>
> C.     In that Defendant Klodjan Prek Gjokaj failed to apply his brakes to his motor vehicle in a timely and prudent manner.

## PLAINTIFF'S CLAIM OF
## RESPONDEAT SUPERIOR AGAINST ROZAFA TRANSPORT INC.

15.     At the time of the occurrence of the act in question and immediately prior thereto, Klodjan Prek Gjokaj was within the course and scope of employment for Defendant Rozafa Transport Inc..

16.     At the time of the occurrence of the act in question and immediately prior thereto, Klodjan Prek Gjokaj was engaged in the furtherance of Defendant Rozafa Transport Inc.'s business.

17.     At the time of the occurrence of the act in question and immediately prior thereto, Klodjan Prek Gjokaj was engaged in accomplishing a task for which Klodjan Prek Gjokaj was employed.

18.     Plaintiff invokes the doctrine of Respondeat Superior as against Defendant Rozafa Transport Inc..

<div align="center">

**PLAINTIFF'S CLAIM OF**
**NEGLIGENT ENTRUSTMENT AGAINST ROZAFA TRANSPORT INC.**

</div>

19.     On September 23, 2019, Defendant Rozafa Transport Inc. was the owner of the vehicle operated by Klodjan Prek Gjokaj.

20.     Defendant Rozafa Transport Inc. entrusted the vehicle to Klodjan Prek Gjokaj, a reckless and incompetent driver.

21.     Defendant Rozafa Transport Inc. knew, or through the exercise of reasonable care should have known, that Klodjan Prek Gjokaj was a reckless and incompetent driver.

22.     As described herein, Klodjan Prek Gjokaj was negligent on the occasion in question.

23.     Klodjan Prek Gjokaj's negligence was the proximate cause of Plaintiff's damages.

<div align="center">

**EXEMPLARY DAMAGES**

</div>

24.     Defendant Klodjan Prek Gjokaj's acts or omissions described above, when viewed from the standpoint of Defendant Klodjan Prek Gjokaj at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant Klodjan Prek Gjokaj had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

25.     Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant Klodjan Prek Gjokaj.

26.     Defendant Rozafa Transport Inc.'s acts or omissions described above, when viewed from the standpoint of Defendant Rozafa Transport Inc. at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant Rozafa Transport Inc. had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

27.     Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant Rozafa Transport Inc..

### DAMAGES FOR PLAINTIFF, TESFALDET G. YEHDEGO

28.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Yehdego Gebreamlak Tesfaldet was caused to suffer grievous injuries including injuries to his neck, sternum vertebrae and shoulders, and to incur the following damages:

A.     Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff, Yehdego Gebreamlak Tesfaldet for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Potter County, Texas;

B.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.     Physical pain and suffering in the past;

D.     Physical pain and suffering in the future;

E.     Physical impairment in the past;

F.     Physical impairment which, in all reasonable probability, will be suffered in the future;

G.     Loss of earnings in the past;

H.     Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

I.     Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

J.     Mental anguish in the past; and

K.     Mental anguish in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Tesfaldet, G.. Yehdego espectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Texas Civil Practice and Remedies Code, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/Willard P Conrad
    Willard P. Conrad
    Texas Bar No. 04709500
    Email:  wpenn@peoplepc.com

9898 Bissonnet, Suite 112
Houston, Texas 77036
Tel. (713) 777-4077
Fax. (713) 777-1034
Attorney for Plaintiff
Tesfaldet G Yehdego