IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TESFALDET G. YEHDEGO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CV-216-Z-BR |
| | § | |
| KLODJAN PREK GJOKAJ and ROZAFA | § | |
| TRANSPORT, INC., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## TO DISMISS WITHOUT PREJUDICE

On December 21, 2021, the Court entered an Order to Show Cause. (ECF 11). By that Order, the Court noted that Plaintiff and Plaintiff's counsel, Willard P. Conrad ("Mr. Conrad"), have not complied with any portion of the Court's December 13, 2021 Order Vacating Rule 16 Scheduling Conference and Ordering Compliance with Prior Orders. (*Id.* at 2). Specifically, the Court noted that Plaintiff has not submitted a Joint Proposed Scheduling Order with Defendants; Mr. Conrad has not resolved his admission issues by providing to the Court, and to the Clerk of Court, satisfactory documentation of membership, applying for membership in the Bar of this Court or for admission *pro hac vice* for this case, or filing a motion for withdrawal of counsel; and Plaintiff has not obtained local counsel pursuant to Local Rule 83.10(a). (*Id.* at 2–3). The Court then ordered Plaintiff to file a response to the Order to Show Cause on or before January 4, 2021 and explain why the undersigned should not recommend that the United States District Judge: (1) remove Mr. Conrad as attorney of record for Plaintiff in this case;[1] (2) dismiss this action without

---

[1] *See* N.D. Tex. Civ. R. 83.8(b) ("A presiding judge, after giving opportunity to show cause to the contrary, may take any appropriate disciplinary action against a member of the bar" for enumerated reasons).

prejudice;[2] and/or (3) order appropriate sanctions and/or disciplinary action against Plaintiff and/or Mr. Conrad.[3] Mr. Conrad filed no response on his or his client's behalf. The Court held a hearing on its Order to Show Cause on January 20, 2022, which Mr. Conrad was ordered to attend in person. (*See* ECF 12 at 2). Mr. Conrad did not appear.

At the January 20, 2022 hearing, the undersigned recounted Plaintiff and Mr. Conrad's failures to communicate with the Court. Despite leaving Mr. Conrad two voice messages and sending him an email ahead of the hearing, the Court could not reach Mr. Conrad. In response to questions from the Court at the hearing, Defendants' counsel stated that neither he nor anyone in his office had communicated with Mr. Conrad the week of the hearing and that it had been more than one month since his office spoke to Mr. Conrad. Defendants' counsel further told the Court that he was not aware of any issue that would prevent Mr. Conrad from complying with the Court's Orders. The Court expects counsel to be courteous, cooperative, and professional. *See Dondi Props. Corp*, 121 F.R.D. 284. Mr. Conrad has failed to meet the Court's standard of conduct.

Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action sua sponte for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985). Plaintiff and Plaintiff's counsel have repeatedly failed to comply with the Court's Orders and prevented this

---

[2] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) ("A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order.") (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).

[3] *See* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order."); *Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 247–88 (N.D. Tex. 1988) (en banc).

action from proceeding. The Court can do very little to advance the case when Plaintiff's counsel of record has not complied with Local Rule 83.7 and is not admitted to practice in this Court. *See* N.D. Tex. Civ. R. 83.7. The undersigned recommends the Court dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 21, 2022.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).